## DONNELL MANUFACTURING COMPANY, Appellant, v. WILLIAM S. HART, Respondent.

### Kansas City Court of Appeals, April 14, 1890.

1.    **Appellate Practice :** JOINDER IN ERROR.  Sections 3764 and 3765, Revised Statutes, 1879, have been omitted from the revision of 1889, and it is not now required to assign and join in error more than such assignment may be made by briefs required by section 2301 of the late revision.

2.    **Account :** DEFENSE : PROTECTION IN SALE OF GOODS : CASE ADJUDGED.  Plaintiff sued for balance of account for sale of certain proprietary medicines.  The defense was that plaintiff had agreed to protect the defendant in the sale of the goods, and, after he had been indicted for selling liquor in four cases, had told him to get a lawyer and fight the cases.  After this defendant compromised the cases by pleading guilty to one indictment and being fined forty dollars and paying the costs in the others.  *Held,* that the evidence did not sustain the defense ; the condition to the plaintiff's liability to defendant was that he employ a lawyer and fight the cases ; and defendant could not put a liability upon the plaintiff outside of the agreement.

The Donnell Mfg. Co. v. Hart.

*Appeal from the Boone Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

REVERSED AND REMANDED.

*C. B. Sebastian,* for the appellants.

Even though it was binding upon plaintiffs, defendant is not entitled to rely upon it as he did not carry out the request; he did not fight the cases, but plead guilty, without the knowledge or consent of plaintiffs. Hence he is not entitled to the damages claimed, but if the court should consider the testimony as to whether these cases could be successfully defended it is overwhelmingly in our favor, and had a fight been made would have resulted in defendant's acquittal so far as the character of the medicine was concerned. It might have convicted him in his abuse of the medicine and making of it a beverage, which he promised in his letter he would not do, and which plaintiff's notice to him prohibited.

ELLISON, J.—This action is on account for merchandise sold to defendant. It was begun before a justice of the peace. Defendant filed no pleading in the cause. Plaintiff appeals. Defendant's motion to dismiss the appeal which was submitted with the cause will be overruled. The first ground of the motion is that as the cause originated before a justice of the peace there are no written pleadings, and that there is, therefore, nothing in this record showing issue joined. By reference to article 12, Revised Statutes, 1889, it will be seen that sections 3764 and 3765, Revised Statutes, 1879, have been omitted from the new revision, and that it is not now required to assign and join in error more than such assignment may be made by briefs required by section 2301, Revised Statutes, 1889. The second

ground is that no sufficient abstract was filed by appellant. We are of the opinion the abstract presents sufficient basis for the points presented by appellant.

The account sued on is for certain proprietary medicines furnished to defendant, the balance claimed being $113.05. The defense made is that in the sale of the medicine the plaintiff's traveling salesman undertook and agreed verbally with defendant that plaintiff would protect him in the sale of the medicine, and that if he was indicted and fined plaintiff would pay the fine, the costs and the attorney's fee. That, in the spring of 1887, he was indicted in four cases for selling liquor, whereupon he employed an attorney, and in October, 1887, he went to St. Louis and called upon plaintiffs and informed them of the indictments and what their salesman had said, when plaintiffs, as stated by defendant, "did not seem to want to do anything, but I pressed the matter and he (plaintiff) finally said get a lawyer and fight the cases and if they fine you we will stand the loss." After this defendant compromised the cases by pleading guilty to one indictment and being fined forty dollars and paying the costs in the others. He did this without notifying plaintiffs and without their knowledge or consent.

The question is, does this evidence sustain the defense. We think not. The condition to plaintiff's liability to defendant was that he employ a lawyer and "fight the cases." Plaintiffs contended their goods were genuine medicine and not intoxicating beverages, and had a right to claim in this sort of case that if the contest had been made defendant would have been acquitted. Plaintiff's consent to the compromise should have been obtained. If they had been advised, how is it to be known but that they could have gotten better terms, possibly a dismissal of all the cases by paying the costs? It is wholly unreasonable to permit defendant without consulting plaintiffs to put a liability upon

them outside of their agreement. How could it be known that defendant would have been convicted for selling *plaintiffs' medicines.* The indictments were for selling intoxicating liquors. Under such indictments there might have been a conviction for selling any intoxicating liquor whether that gotten of plaintiffs or any other. Though the prosecuting attorney testified that the indictments were found on evidence before the grand jury of the sale of "bitters and cordials," as these were not specified in the indictment and the state could have proved the sale of any other intoxicating liquors, the testimony does not aid the defense. A suggestion will perhaps show more clearly that defendant's defense is not tenable. Suppose he was a plaintiff suing these plaintiffs on the agreement set up, could he have recovered of them without showing a compliance with the condition, to their liability ; that is, that he had contested the cases and lost? We think not. Plaintiff's account seems to have been conceded to be correct and we will, therefore, reverse the judgment and remand the cause with directions for the circuit court to enter judgment for the amount of claim. All concur.